Richard E. Nowak (*pro hac vice*)
Nancy G. Ross (*pro hac vice*)
*rnowak@mayerbrown.com*
*nross@mayerbrown.com*
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8314

Jordan C. Hilton (*pro hac vice*)
*jhilton@mayerbrown.com*
MAYER BROWN LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 907-2700

Ankur Mandhania (SBN 302373)
*amandhania@mayerbrown.com*
MAYER BROWN LLP
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone: (415) 874-4263

*Attorneys for Liberty Mutual Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LESTER ANTHONY PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP INC., et al.,<br><br>Defendants. | Case No. 4:25-cv-08775-HSG<br><br>Hearing Date: March 26, 2026<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |

# TABLE OF CONTENTS


Page

INTRODUCTION ........ 1

ARGUMENT ........ 2

A. Plaintiff Has Not Alleged Fiduciary Conduct Regarding Forfeiture Allocations. ........ 2

B. Plaintiff Does Not Plausibly Allege Any Fiduciary Breach. ........ 5

1. Plaintiff fails to allege a breach of the duty of loyalty. ........ 5

2. Plaintiff fails to allege a breach of the duty of prudence. ........ 6

3. Plaintiff fails to allege a failure to follow the terms of the Plan. ........ 7

4. Plaintiff ignores the great weight of authority. ........ 7

C. Plaintiff Does Not Allege A Loss To The Plan. ........ 9

D. Plaintiff Fails To Allege An Anti-Inurement Claim. ........ 10

E. Plaintiff Fails To Allege A Prohibited Transaction Claim. ........ 11

F. Plaintiff's Monitoring Claim Fails. ........ 11

G. The Court Should Dismiss Plaintiff's Claims With Prejudice. ........ 12

CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Apple Inc.*,
500 F. Supp. 3d 993 (N.D. Cal. 2020) .......... 2

*Armenta v. WillScot Mobile Mini Holdings Corp.*,
2025 WL 2645518 (D. Ariz. Sep. 15, 2025) .......... 8

*Bafford v. Northrop Grumman Corp.*,
994 F.3d 1020 (9th Cir. 2021) .......... 3

*Barragan v. Honeywell Int'l, Inc.*,
2025 WL 2383652 (D.N.J. Aug. 18, 2025), *appeal filed*, No. 25-2609 (3rd Cir. Aug. 22, 2025) .......... 13

*Bozzini v. Ferguson Enters., LLC*,
2025 WL 1547617 (N.D. Cal. May 29, 2025) .......... 8

*Brewer v. Alliance Coal LLC*,
2025 WL 3527171 (N.D. Okla. Dec. 9, 2025) .......... 13

*Brown v. Peco Foods, Inc.*,
2025 WL 3210857 (S.D. Miss. Nov. 14, 2025) .......... 6, 11, 13

*Buescher v. N. Am. Lighting, Inc.*,
791 F. Supp. 3d 873 (C.D. Ill. 2025) .......... 11

*Cain v. Siemens Corp.*,
No. 25-2564 (3d Cir. Jan. 23, 2026). Dkt. 42 .......... 4

*In re Calpine Corp.*,
2005 WL 1431506 (N.D. Cal. Mar. 31, 2005) .......... 12

*Cano v. Home Depot, Inc.*,
2025 WL 2589567 (N.D. Ga. Aug. 26, 2025) .......... 13

*Cunningham v. Cornell Univ.*,
604 U.S. 693 (2025), Opp. 14 .......... 11

*Curtis v. Amazon.com Servs., LLC*,
2026 WL 124323 (W.D. Wash. Jan. 16, 2026) .......... 6, 8, 11, 13

*Dimou v. Thermo Fisher Scientific Inc.*,
2024 WL 4508450 (S.D. Cal. Sep. 19, 2024) .......... 3, 4, 9, 13

*Donelson v. Meijer, Inc.*,
2025 WL 3754241 (W.D. Mich. Dec. 29, 2025) .......... 13

*Enstrom v. SAS Inst. Inc.*,
2026 WL 459258 (E.D.N.C. Feb. 12, 2026) .......... 13

*Fifth Third Bancorp v. Dudenhoeffer*,
573 U.S. 409 (2014) .......... 7

*Freedline v. O Organics LLC*,
445 F. Supp. 3d 85 (N.D. Cal. 2020) .......... 9

*Garcia v. Texas*,
564 U.S. 940 (2011) .......... 9

*Hernandez v. AT&T Servs., Inc.*,
2025 WL 3208360 (C.D. Cal. Nov. 14, 2025) .......... 1, 8, 13, 14

*Hughes Aircraft Co. v. Jacobson*,
525 U.S. 432 (1999) .......... 10

*Hutchins v. HP Inc.*,
767 F. Supp. 3d 912 (N.D. Cal. 2025) .......... 7, 8, 13

*Kennedy v. Meta Platforms Inc.*,
2024 WL 4565091 (N.D. Cal. Oct. 23, 2024) .......... 2

*Madrigal v. Kaiser Found. Health Plan, Inc.*,
2025 WL 1299002 (C.D. Cal. May 2, 2025) .......... 8

*Matula v. Wells Fargo & Co.*,
2025 WL 1707878 (D. Minn. June 18, 2025) .......... 9, 13

*McWashington v. Nordstrom, Inc.*,
2025 WL 1736765 (W.D. Wash. June 23, 2025) .......... 5, 6, 8, 11, 13

*Naylor v. BAE Sys., Inc.*,
2024 WL 4112322 (E.D. Va. Sept. 5, 2024) .......... 4, 5, 13

*Perez-Cruet v. Qualcomm Inc.*,
2024 WL 2702207 (S.D. Cal. May 24, 2024) .......... 6, 11

*Randall v. GreatBanc Tr. Co.*,
2024 WL 713997 (D. Minn. Feb. 21, 2024) .......... 11

*Rodriguez v. Intuit Inc.*,
744 F. Supp. 3d 935 (N.D. Cal. 2024) .......... 6

*Romero v. Nokia, Inc.*, 2013 WL 5692324 (N.D. Cal. Oct. 15, 2013) .......... 12

*Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008) .......... 7

*Sievert v. Knight-Swift Transp. Holdings, Inc.*, 780 F. Supp. 3d 870 (D. Ariz. 2025) .......... 8, 13

*Stolte v. Securian Life Ins. Co.*, 621 F. Supp. 3d 1034 (N.D. Cal. 2022) .......... 10

*Tillery v. Wakemed Health & Hosps.*, 2026 WL 125784 (E.D.N.C. Jan. 15, 2026) .......... 13

*Twilio, Inc. v. Telesign Corp.*, 249 F. Supp. 3d 1123 (N.D. Cal. 2017) .......... 7

*United States v. Bobadilla*, 26 F. App'x 645 (9th Cir. 2001) .......... 9

*US Airways, Inc. v. McCutchen*, 569 U.S. 88 (2013) .......... 4, 10

*Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620 (9th Cir. 2008) .......... 10

*White v. Chevron Corp.*, 2016 WL 4502808 (N.D. Cal. Aug. 29, 2016) .......... 12

*Wright v. JPMorgan Chase & Co*, 2025 WL 1683642 (C.D. Cal. June 13, 2025) .......... 7, 8, 13

*Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090 (9th Cir. 2004) .......... 4, 8

**Statutes**

ERISA § 404(a)(1)(D) .......... 7

**Other Authorities**

29 C.F.R.§ 2509.75-8 .......... 3

Brief for the U.S. Sec'y of Labor, *Cain v. Siemens Corp.*, No. 25-2564 (3d Cir. Jan. 23, 2026) .......... 4

**INTRODUCTION**

Plaintiff's Opposition (Dkt. 40), which largely ignores Liberty Mutual Defendants' dismissal arguments and the overwhelming weight of authority supporting those arguments, confirms he has failed to state any viable claim for relief.

*First*, Plaintiff has not alleged—and cannot allege—that the Committee had discretion under the terms of the Plan to allocate forfeitures to the Plan's expenses. Plan Section 5.1 explicitly states that "*all forfeitures shall be applied towards satisfying the amount of the Company Contributions . . . until exhausted*." Plaintiff hopes to avoid dismissal by arguing that other Plan provisions granted the Committee discretion in paying Plan expenses. But, in addition to not being pled in the Amended Complaint, Plaintiff points to no Plan provision that authorized the Committee to pay for the Plan's expenses *from forfeitures*. This is fatal to his fiduciary breach claims.

*Second*, Plaintiff fails to allege any plausible fiduciary breach or loss to the Plan. Plaintiff simply ignores the Department of Labor's ("DOL") view and the growing chorus of courts that have held that allocating forfeitures to company contributions (if there is discretion to do so) does not breach ERISA's duties of loyalty or prudence. As Judge Wright in a substantially identical case brought by Plaintiff's counsel emphasized, "despite having the benefit of numerous rulings in similar ERISA cases rejecting the same arguments, [plaintiff] does not meaningfully address those decisions or explain why this case warrants a different outcome." *Hernandez v. AT&T Servs., Inc.*, 2025 WL 3208360, at *6 (C.D. Cal. Nov. 14, 2025). In the ultimate show of bad faith, Plaintiff continues to argue that Defendants failed to comply with the terms of the Plan even though (1) he cannot identify any Plan provision they failed to follow and (2) he admits the Committee allocated forfeitures in accordance with Plan Section 5.1. Plaintiff's loss theory is similarly flawed because it is premised on his demand for benefits that the Plan does not promise and it assumes—incorrectly—that the Committee could have forced Liberty Mutual to increase its contributions to the Plan.

*Third*, Plaintiff's anti-inurement, prohibited transaction, and monitoring claims are also meritless. With respect to his anti-inurement claim, Plaintiff invents a new requirement not found in ERISA's statutory language and fails to acknowledge the myriad court decisions dismissing anti-

inurement forfeiture claims. The same is true for his prohibited transaction claim. And Plaintiff's monitoring argument relies entirely on allegations that are either unsupported legal conclusions or are not pled in the Amended Complaint.

In a last ditch attempt to avoid dismissal, Plaintiff requests yet another opportunity to amend. His request should be rejected. As many courts have now held, the Amended Complaint's fatal flaws are legal in nature and cannot be cured through amendment. Plaintiff has already had ample opportunity to plead his claims but failed to do so.

The Court should grant the Motion and dismiss the Amended Complaint with prejudice.

## ARGUMENT

### A. Plaintiff Has Not Alleged Fiduciary Conduct Regarding Forfeiture Allocations.

Defendants established in their Motion that the Plan's mandate in Section 5.1 to allocate all forfeitures to company contributions precluded any exercise of discretion—the touchstone of fiduciary conduct—with respect to those forfeiture allocations. Dkt. 34 ("Mot."), at 5-6. Because Plaintiff is not challenging fiduciary conduct, his fiduciary breach claims fail. Plaintiff's arguments in response are unavailing.

*First*, Plaintiff argues the Committee had discretion over the payment of the Plan's administrative expenses, citing Plan Sections 13.13, 13.5, and 16.1. Opp. 6. As an initial matter, Plaintiff's argument has no grounding in the Amended Complaint, which does not cite any Plan provision. Nor does it include any allegations concerning how the Committee (or Liberty Mutual) exercised its discretion regarding the allocation of forfeitures. As Plaintiff does repeatedly in his Opposition, he improperly attempts to amend his complaint through motion briefing. *See Kennedy v. Meta Platforms Inc.*, 2024 WL 4565091, at *7 (N.D. Cal. Oct. 23, 2024) ("Plaintiff may not amend her complaint through arguments in her opposition brief."); *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1025 (N.D. Cal. 2020) (Plaintiffs "cannot amend their complaint via briefing.").

Even if Plaintiff's arguments were procedurally proper—they are not—he mispresents the Plan's language. For example, Plaintiff claims Section 13.13, which he describes as "the fiduciary linchpin," says the "Plan Administrator determines 'the manner' in which expenses are paid from the

Trust, and whether the Company or employers pay instead." Opp. 6. But that is *not* what the Plan says. Section 13.13 states that *if* Plan expenses are paid out of the Trust, the administrator determines the manner of payment, and that expenses are paid from the Trust "unless paid by . . . the Company." So, while Section 13.13 allows the administrator to generally determine the "manner" of expense payments from the Trust—and expressly provides that "administrative expenses . . . may be charged to a Participant's Account," *id.*—it does not authorize the administrator to compel Liberty Mutual to pay the Plan's administrative expenses. Liberty Mutual, in its settlor capacity, decides whether to pay any Plan-related expense out of corporate assets.[1]

Moreover, even if Plaintiff had alleged the Committee *generally* had discretion to determine how to pay Plan administrative expenses, that does not mean the Committee could use the Plan's *forfeitures* to pay for those expenses—which is the sole focus of this lawsuit. The Plan is clear that "*all*" forfeitures "*shall be applied*" to "Company Contributions for the Plan Year for which such amounts are forfeited, and for subsequent Plan Years *until exhausted*." Plan § 5.1 (emphasis added). None of Section 13.5, Section 13.13, or Section 16.1(c) addresses forfeitures, and none of these or any other provision in the Plan document overrides the clear Plan language of Section 5.1. Therefore, because the Committee lacked discretion to pay the Plan's expenses with forfeitures, Plaintiff fails to challenge any fiduciary conduct.

Plaintiff's next unpled argument that Section 5.1 implicates fiduciary conduct because the Committee must "calculate forfeited amounts" and "reconcile allocations," Opp. 6–7, fares no better. Calculating benefits due under a plan "does not involve the requisite discretion or control to constitute a fiduciary function." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1028 (9th Cir. 2021); *see also* 29 C.F.R.§ 2509.75-8. *Dimou v. Thermo Fisher Scientific Inc.* also does not help Plaintiff because the plan there expressly permitted forfeitures to be allocated to either contributions ***or*** the plan's expenses. 2024 WL 4508450, at *1 (S.D. Cal. Sep. 19, 2024). Because there were "various permissible uses for forfeitures," "implementing that decision" was a fiduciary function. *Id.* Plaintiff's reference to

[1] Plaintiff's argument is also a red herring. In the Amended Complaint, Plaintiff alleges the Committee should have allocated the Plan's forfeitures to its administrative expenses. There is no allegation or claim that Liberty Mutual should have paid the Plan's expenses out of corporate assets.

DOL's amicus brief in *Cain v. Siemens Corp.*[2] is unavailing for the same reason. Opp. 7. As in *Dimou*, the Siemens plan expressly stated that forfeitures could be used to pay the plan's "reasonable administrative expenses … ***or*** to reduce Employer Contributions." DOL Br. 4. This is not the case here, because Plan Section 5.1 provided *one* option for the use of forfeitures: contributions.

Plaintiff's additional unpled argument that the Committee maintains discretion under Plan Section 5.1 because that section allegedly "speaks only to how forfeitures are allocated" and not "how administrative expenses are funded," Opp. 7, is baseless. Section 5.1 could not be clearer: "*All forfeitures shall be applied* towards satisfying" company contributions (emphasis added). Contrary to Plaintiff's assertion, Section 5.1 *does* have something to say about "how administrative expenses are funded"—they *cannot* come from forfeitures. But whether and to what extent the administrator may have discretion to pay Plan expenses from other non-forfeiture sources under Sections 13.13 or 16.1(c) (or any other Plan provision Plaintiff might belatedly point to), is not at issue in this case.

Plaintiff next argues that the Supreme Court's decisions discussing the importance of the plan document are inapplicable because they involved benefit claims and because ERISA's statutory requirements trump the terms of a plan in the case of conflict.[3] Opp. 7–8. Of course, "ERISA requires fiduciaries to comply with a plan as written unless it is inconsistent with ERISA." *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004). But Plaintiff does not—and cannot—point to any statutory provision in ERISA prohibiting the allocation of forfeitures to company contributions, nor can he identify any court decision or other legal authority stating that plan language requiring the allocation of forfeitures to contributions violates ERISA. Faced with the growing mountain of precedent supporting such allocations—Plaintiff's position is untenable. *See, e.g.*, *Naylor v. BAE Sys.,*

---

[2] Brief for the U.S. Sec'y of Labor, *Cain v. Siemens Corp.*, No. 25-2564 (3d Cir. Jan. 23, 2026). Dkt. 42 ("DOL Br.").

[3] Plaintiff's reference to pages 5–6 of the Motion is wrong. Defendants cite *Conkright* on pages 8–9 of the Motion for the proposition that imposing retroactive liability in this case would discourage employers from offering benefit plans. Defendants cite *McCutchen* on page 7 of the Motion for the proposition that ERISA protects only contractually defined benefits. Plaintiff does not dispute either of these arguments.

*Inc.*, 2024 WL 4112322, at *7 (E.D. Va. Sept. 5, 2024) (dismissing forfeiture claims "because Plaintiff has not established that following such [mandatory use] Plan terms is itself a fiduciary violation.").

Finally, the distinctions Plaintiff strains to make between this case and *McWashington* and *Naylor*—which both held that the plan administrators were not acting as fiduciaries when allocating forfeitures according to mandatory plan provisions—are illusory. Mot. 5. Plaintiff first says that *McWashington*, a Western District of Washington case, is "out of circuit." Opp. 8. It is not. But more to the point, *McWashington* and *Naylor* both addressed—as here—mandatory forfeiture-use provisions and other plan provisions granting the administrators discretion with respect to plan expenses.[4] *See, e.g.*, *McWashington v. Nordstrom, Inc.*, 2025 WL 1736765, at *13 (W.D. Wash. June 23, 2025) (interpreting plan provisions mandating sequential forfeiture allocations and granting the administrator discretion to allocate to expenses after the mandatory allocation); *Naylor*, 2024 WL 4112322, at * 6 (reconciling mandatory forfeiture-use provision with separate provision granting the administrator discretion regarding expenses and rejecting the plaintiff's argument that the administrator was required to "disregard the [mandatory use] terms of the Plan"). As those courts concluded, the proper way to harmonize such provisions is to read expense-discretion provisions "to confer discretion in those situations where . . . forfeitures are not needed to satisfy their required, mandatory use." *Id.* at *6. This Court should do the same and reach the same result.

### B. Plaintiff Does Not Plausibly Allege Any Fiduciary Breach.

#### *1. Plaintiff fails to allege a breach of the duty of loyalty.*

Plaintiff claims he has plausibly alleged a duty of loyalty claim for a combination of two reasons: (1) Defendants "exercised their discretion" under Sections 13.13 and 16.1(c) to charge expenses to participants' accounts and (2) Defendants "allowed" forfeitures to offset company contributions under Section 5.1. Opp. 9. Once again Plaintiff's arguments have no grounding in the Amended Complaint, which does not cite any Plan provision and includes only a single reference to

[4] Plaintiff's assertion that *McWashington* and *Naylor* "do not address this Plan's expense-discretion provisions," Opp. 8, is vacuous. Of course, those cases did not concern the same exact language as the Plan. They are nonetheless persuasive as those cases addressed, as here, mandatory forfeiture use provisions and expense discretion provisions.

"discretionary authority," Am. Compl. ¶ 10, which is a legal conclusion the Court may disregard. Moreover, as described above, none of the Plan provisions Plaintiff points to in his Opposition (Sections 5.1, 15.5, 13.13, or 16.1(c)) provide the Committee with discretion regarding the allocation of forfeitures. *Supra* § A. Because Plaintiff's duty of loyalty arguments simply rehash his misguided fiduciary conduct arguments, they fail for that reason alone.

Plaintiff's duty of loyalty claim also fails because he pleads no factual allegations plausibly establishing that Defendants acted disloyally. Mot. 10. Plaintiff argues in response that he is not propounding an overbroad *per se* theory of liability. Opp. 9. But his Opposition establishes otherwise. According to Plaintiff, ERISA *required* the Committee to allocate forfeitures to the Plan's expenses even though the Plan mandated that *all* forfeitures be allocated to company contributions. *Id.*

If ERISA required a plan administrator to always allocate forfeitures to expenses first, even if the plan document expressly says otherwise, Plaintiff's theory would apply in every case (and also mean that the dozens of forfeiture dismissals were wrongly decided). While Plaintiff argues (but again, does not allege) that there may be some unidentified circumstance where allocating forfeitures to contributions is acceptable, Opp. 9, he does not reconcile that illusory exception with his sweeping theory. At bottom, Plaintiff is asking the Court to adopt a *per se* theory of liability designed to impose years of retroactive liability that many courts have rightfully rejected.[5] *See* Mot. 9–10.

*2. Plaintiff fails to allege a breach of the duty of prudence.*

Plaintiff's half-hearted attempt to salvage his duty of prudence claim similarly fails. As an initial matter, Plaintiff's Opposition does not even address two of Defendants' primary arguments for

---

[5] Plaintiff's reliance on *Perez-Cruet* and *Rodriguez*, Opp. 9, is misplaced. Both cases concerned *discretionary* forfeiture-use provisions absent here. *Perez-Cruet v. Qualcomm Inc.*, 2024 WL 2702207, at *2 (S.D. Cal. May 24, 2024); *Rodriguez v. Intuit Inc.*, 744 F. Supp. 3d 935, 942 (N.D. Cal. 2024) ("The Plan specifically provides Intuit with discretionary authority over the management of forfeitures."). And both cases, which were decided before the vast majority of other relevant decisions, adopt a minority position and have been heavily criticized. *See, e.g.*, *Curtis v. Amazon.com Servs., LLC*, 2026 WL 124323, at *3 (W.D. Wash. Jan. 16, 2026) (holding that *Rodriguez* and *Perez-Cruet* are "outweighed by the many cases" dismissing forfeiture claims); *Brown v. Peco Foods, Inc.*, 2025 WL 3210857, at *5–6, *8 n.8 (S.D. Miss. Nov. 14, 2025) (noting that the reasoning in *Rodriguez* has been widely rejected); *McWashington*, 2025 WL 1736765, at *15 n.28 ("the analysis in *Cruz-Perez* is conclusory" and "unpersuasive").

dismissal: (1) Plaintiff's theory stretches the duty of prudence beyond what ERISA requires and (2) Plaintiff's theory contravenes the settled understanding of Congress and the Treasury Department. Mot. 7–9. By failing to respond, Plaintiff has waived those arguments. *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (litigants waive arguments by failing to raise them in an opposition to a dispositive motion); *Twilio, Inc. v. Telesign Corp.*, 249 F. Supp. 3d 1123, 1162 (N.D. Cal. 2017) (same).

Plaintiff's sole response is that the context-specific duty of prudence inquiry "cannot be resolved categorically on a motion to dismiss." Opp. 10. Plaintiff is wrong and flips the dismissal standard on its head. The Supreme Court has emphasized that motions to dismiss are an "important mechanism for weeding out meritless claims" in the ERISA context. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). Thus, district courts routinely dismiss prudence-related forfeiture claims where, as here, the plaintiff fails to plausibly allege *facts* raising an actual inference of imprudence. Mot. 10 n.10 (collecting cases). Moreover, Plaintiff's prudence argument is especially specious in this case because he admits—as he must—that Defendants allocated forfeitures to company contributions in accordance with Plan Section 5.1. Am. Compl. ¶ 32.

*3. Plaintiff fails to allege a failure to follow the terms of the Plan.*

Defendants established in their Motion the frivolity of Plaintiff's allegation that they failed to comply with the terms of the Plan because (1) Plaintiff did not allege *any* Plan provision Defendants failed to follow and (2) Plaintiff's own allegations establish that Defendants allocated forfeitures according to the Plan's exact requirements. Mot. 6. Plaintiff's Opposition does not address either of these arguments. Instead, Plaintiff argues that Liberty Mutual's drafting of Plan Section 5.1 (which was a settlor function) "produces a result inconsistent with" ERISA. Opp. 11. This incoherent and non-responsive argument is incorrect for the reasons explained above and in the Motion. But, regardless, it does not—and cannot—establish a failure to follow the terms of the Plan under ERISA § 404(a)(1)(D).

*4. Plaintiff ignores the great weight of authority.*

Plaintiff's Opposition tellingly ignores the vast majority of cases Defendants cited in the Motion rejecting his forfeiture claims and theories. Instead, Plaintiff attempts to distinguish only two of the cases, *Hutchins v. HP Inc.*, 767 F. Supp. 3d 912 (N.D. Cal. 2025), and *Wright v. JPMorgan Chase &*

*Co*, 2025 WL 1683642 (C.D. Cal. June 13, 2025). Opp. 11–12. Plaintiff fails to do so, but even if he could, the myriad other cases Defendants cited support the dismissal of his claims.

Plaintiff first says *Hutchins* is not relevant because the HP plan gave the plan sponsor (the settlor) discretion to pay expenses, while the Plan here limits that discretion to the "Plan Administrator." Opp. 11. But Plan Section 13.13 provides the same settlor discretion as in *Hutchins*—Plan expenses are paid from the Trust "unless paid by . . . the Company." Moreover, the *Hutchins* court only reached the general question of whether the discretion to pay HP plan expenses was fiduciary or settlor in nature because the HP plan explicitly provided discretionary authority to the plan fiduciary to determine the allocation of forfeitures. That is not true here. Indeed, the "expense-allocation discretion" theory Plaintiff relies on completely disregards the Plan's forfeiture provision (Section 5.1) which limits any expense-related discretion to non-forfeiture allocations. *See supra* § A.

Plaintiff argues *Wright* is not relevant because the JPMorgan plan only permitted forfeitures to be allocated to the employer's share of the plan's administrative expenses, and not the participants' share of those expenses. Opp. 11–12. But the key point and the basis for the dismissal, which Plaintiff ignores, is that the *Wright* court held the plan administrator lacked discretion to allocate forfeitures in a manner contrary to the plan's forfeiture provision. 2025 WL 1683642, at *4. And while the JPMorgan plan permitted the allocation of forfeitures to certain plan expenses, the Plan here does not allow forfeiture allocations to *any* expenses. Thus, the argument for dismissal is even stronger here than in *Wright* and the Court should reject the Plaintiff's repeated attempts to disregard the Plan's mandatory forfeiture provision (Section 5.1).

Finally, Plaintiff retreats to the last-ditch argument that dismissing his meritless forfeiture claims "before the Ninth Circuit speaks" "would be extraordinary." Opp. 11. It would not. At least eleven Ninth Circuit district courts have dismissed similar forfeiture claims without waiting for a decision from the Ninth Circuit.[6] And, as a general rule, district courts do not wait for the outcome of

[6] *Curtis*, 2026 WL 124323; *Hernandez*, 2025 WL 3208360; *Armenta v. WillScot Mobile Mini Holdings Corp.*, 2025 WL 2645518 (D. Ariz. Sep. 15, 2025); *Hutchins*, 767 F. Supp. 3d 912; *Bozzini v. Ferguson Enters., LLC*, 2025 WL 1547617 (N.D. Cal. May 29, 2025); *Madrigal v. Kaiser Found. Health Plan, Inc.*, 2025 WL 1299002 (C.D. Cal. May 2, 2025); *Wright*, 2025 WL 1683642; *McWashington*, 2025 WL 1736765; *Sievert v. Knight-Swift Transp. Holdings, Inc.*, 780 F. Supp. 3d 870 (D. Ariz. 2025);

unrelated appellate proceedings to rule on pending motions before them. *See, e.g.*, *United States v. Bobadilla*, 26 F. App'x 645, 646 (9th Cir. 2001) ("The usual rule is that federal cases should be decided in accordance with the law existing at the time of the decision.") (citations omitted); *Freedline v. O Organics LLC*, 445 F. Supp. 3d 85, 91 (N.D. Cal. 2020) (quoting *Garcia v. Texas*, 564 U.S. 940, 941 (2011)) ("the Court's 'task is to rule on what the law is, not what it might eventually be.'") (declining to defer ruling on motion to dismiss based on possible future changes to law and dismissing claims).

**C. Plaintiff Does Not Allege A Loss To The Plan.**

Plaintiff's fiduciary breach claims also fail because: (1) he does not allege any reduction in Plan assets; (2) he does not allege any participant received fewer contributions than the Plan promised; and (3) his loss theory depends on the incorrect assumption that a plan administrator can force a plan sponsor to increase its contributions. Mot. 11–12. Plaintiff does not meaningfully address any of these arguments. Plaintiff instead deflects and insists that he has plausibly alleged two theories of loss based on Plan Sections 13.13 and 16.1: (1) participants paid expenses that "Plan assets could have covered" through forfeitures and (2) the Plan received fewer employer contributions than it otherwise would have. Opp. 12. Plaintiff is wrong.

To start, neither of these theories appear in the Amended Complaint, which does not even cite, much less discuss, how the Plan authorized the Committee to allocate forfeitures to expenses (in contravention of Section 5.1), or how complying with Section 5.1's mandate to allocate "all" forfeitures to company contributions caused a participant to receive fewer benefits than the Plan promised. *See, e.g.*, *Matula v. Wells Fargo & Co.*, 2025 WL 1707878, at *3 (D. Minn. June 18, 2025) (dismissing forfeiture claims and noting that the plaintiff's "attempt to seek extra payments that *he was not promised under the Plan* must be rejected") (emphasis added). This is fatal to Plaintiff's argument.

Moreover, Plaintiff fails to acknowledge that his entire loss theory depends on both of the following unsupported and inaccurate assumptions: (1) the Committee could have allocated forfeitures to the Plan's expenses in violation of Section 5.1; and (2) after making those allocations, the Committee could have *forced* Liberty Mutual, as Plan sponsor and in its settlor capacity, to increase its

---

*Dimou*, 2024 WL 4508450.

contributions to the Plan. As the DOL explained in its amicus briefing supporting the dismissal of the forfeiture claims against HP Inc., this theory "misunderstands the boundary between settlor and fiduciary functions" because "setting the amount the sponsor contributes to the Plan, as well as the level of benefits provided, are settlor functions solely within the sponsor's control, and cannot be dictated by a fiduciary's decision." Mot. Ex. 1, Dkt. 34-2, at 17–18. Plaintiff does not even attempt to address these problems, but they are dispositive.

Finally, Plaintiff is wrong when he says that the question of whether forfeitures "could" have been used to pay for the Plan's administrative expenses "is an economic and factual question, not a legal one." Opp. 13. Plaintiff's apparent view—that the plan document is meaningless—would undermine the fundamental principles of ERISA. *See US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) ("The plan, in short, is at the center of ERISA."). Further, as the many cases dismissing forfeiture claims based on clear plan language demonstrate, interpreting an unambiguous ERISA plan is a legal question appropriate for resolution on a motion to dismiss. *Stolte v. Securian Life Ins. Co.*, 621 F. Supp. 3d 1034, 1040 (N.D. Cal. 2022) (unambiguous ERISA plans are construed "as a matter of law" and claims regarding plan terms may be resolved "on a motion to dismiss"); *see also Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (unambiguous ERISA plans are interpreted "as a matter of law") (citations omitted).

**D. Plaintiff Fails To Allege An Anti-Inurement Claim.**

Recognizing that almost every court to consider an anti-inurement claim in the forfeiture context has rejected the claim, Plaintiff seeks to expand ERISA's anti-inurement provision by arguing that the provision requires administrators to always use plan assets in ways that are "exclusively participant-oriented." Opp. 14. Notwithstanding the fact that allocating forfeitures to company contributions to fund participants' benefits is plainly "participant-oriented," Plaintiff's argument contradicts the Supreme Court's ruling that there is no inurement violation where a plan sponsor uses "fund assets for the sole purpose of paying pension benefits to Plan participants." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 442 (1999). The dispositive question for anti-inurement purposes is whether Plan assets (i.e., forfeitures) were used to pay "pension benefits to Plan participants." *Id.* Plaintiff

concedes that they were. Plaintiff is also tellingly unable to distinguish the many decisions that have rejected forfeiture anti-inurement claims. All he musters in response is the unsupported claim that those decisions "*may* be inconsistent" with ERISA. Opp. 14 (emphasis added). They are not. Mot. 12.[7]

**E. Plaintiff Fails To Allege A Prohibited Transaction Claim.**

As with his other doomed claims, Plaintiff does not address the many courts that have rejected his baseless prohibited transaction claim. *Peco Foods*, 2025 WL 3210857, at *8 ("By far, the majority of courts considering the issue are in agreement" that allocating forfeitures to contributions "is not a prohibited transaction.") (collecting cases). As those courts (and Defendants) have explained, allocating forfeitures within a plan to contributions is neither a transaction nor prohibited. Mot. 12–14.

Instead of addressing the myriad on-point forfeiture decisions, Plaintiff retreats to *Randall v. GreatBanc Tr. Co.*, 2024 WL 713997, at *6 (D. Minn. Feb. 21, 2024)—which did not concern forfeitures—and *Perez-Cruet*, 2024 WL 2702207, at *5–6 , whose stale reasoning courts in this Circuit have repeatedly criticized. *See, e.g.*, *Curtis*, 2026 WL 124323, at *3 (*Perez-Cruet* is "outweighed by the many cases" with the opposite holding and dismissing prohibited transaction claims without leave to amend); *McWashington*, 2025 WL 1736765, at *15 n.28 (similar). Plaintiff's position is also inconsistent. On one hand, he says a fiduciary "might sometimes allocate forfeitures to employer contributions." Opp. 9. On the other hand, he says that allocating forfeitures to contributions is a prohibited transaction. Opp. 14–16. Both cannot be true. *See, e.g.*, *Buescher v. N. Am. Lighting, Inc.*, 791 F. Supp. 3d 873, 897 (C.D. Ill. 2025) (dismissing prohibited transaction forfeiture claim based on the "inherent contradiction in Plaintiff's positions").

**F. Plaintiff's Monitoring Claim Fails.**

Plaintiff argues that he has plausibly alleged a failure to monitor because (1) his claim derives from his underlying fiduciary breach claims and (2) he has independently alleged a failure to monitor. Opp. 16. For the reasons described above and in the Motion, Plaintiff's monitoring claim fails because

[7] Plaintiff also cites *Cunningham v. Cornell Univ.*, 604 U.S. 693 (2025), Opp. 14, but that case did not concern or even mention ERISA's anti-inurement provision, let alone forfeitures.

his other claims fail. His monitoring claim also fails because, contrary to his assertion, he alleges no facts plausibly alleging an actionable failure to monitor.

To begin, Plaintiff's Opposition argument cites paragraphs that do not exist. Opp. 16 (citing ¶¶ 55, 56, and 57, but the Amended Complaint contains only fifty-four paragraphs). And with respect to the paragraphs that exist (e.g., ¶¶ 52-53), Plaintiff's allegations are conclusory, circular, and incoherent. *See, e.g.*, Am. Compl. ¶ 52 ("Defendants had a duty to monitor"); ¶ 53 ("Defendants breached its [sic] duty to monitor" by "failing to monitor the use of forfeited funds"). Tellingly, these allegations do not even identify which named Defendant had the duty to monitor. *Id.*

Plaintiff's additional unpled arguments also lack merit. Opp. 16–17. Plaintiff says that a fiduciary appointment is "undisputed," but that statement is illogical in the context of a 12(b)(6) motion, where the court considers only *well-pleaded allegations*. And Plaintiff's assertion that the "four-year pattern" of allocating forfeitures to company contributions raises an inference of imprudence says nothing about the independent duty to monitor. Finally, Plaintiff says that Defendants know more about their monitoring process than he does, so the Court should simply overlook his failure to plead any factual monitoring allegations. Opp. 17–18. But information imbalance does not relieve Plaintiff of making process allegations. *In re Calpine Corp.*, 2005 WL 1431506, at *6 (N.D. Cal. Mar. 31, 2005) (dismissing monitoring claims where "Plaintiff has not alleged any facts that support his claim that Calpine and the Director Defendants failed to periodically review" investment materials); *White v. Chevron Corp.*, 2016 WL 4502808, at *18–19 (N.D. Cal. Aug. 29, 2016) (dismissing failure-to-monitor claims without leave to amend where "plaintiffs allege[d] no facts showing how the monitoring process was deficient" and holding that an ERISA plaintiff's failure to plead minimum facts based on "lack [of] direct evidence of the fiduciaries' process" did not save pleading from dismissal); *Romero v. Nokia, Inc.*, 2013 WL 5692324, at *5 (N.D. Cal. Oct. 15, 2013) (dismissing failure to monitor claim with prejudice where plaintiff "has not alleged separate facts underlying this claim.").

**G. The Court Should Dismiss Plaintiff's Claims With Prejudice.**

In tacit recognition that his second, already-amended pleading is deficient, Plaintiff requests leave to amend yet again because: (1) he thinks he can cure his pleading problems; (2) Defendants have

more information than him; and (3) the Ninth Circuit will eventually rule in forfeiture cases that have been appealed. Opp. 17–19. As shown above, and described more fully below, Plaintiff cannot cure his fatal pleading deficiencies. And any alleged information asymmetry and the unrelated forfeiture cases pending in the Ninth Circuit do not support granting leave to amend.

Plaintiff's pleading deficiencies are legal and cannot be corrected through yet another amendment. As Defendants have explained, no amount of detailed pleading will overcome the unambiguous language of Plan Section 5.1. Plaintiff does not—and cannot—allege any facts plausibly establishing (1) fiduciary conduct (Section 5.1 gives no discretion); (2) a fiduciary breach (Defendants complied with the Plan's mandatory terms and nothing in ERISA required Defendants to do otherwise); or (3) a loss to the Plan (Plaintiff has no contractual right to have Plan expenses paid from forfeitures). Moreover, Plaintiff's entire forfeiture theory—including his anti-inurement and prohibited transaction claims—defies ERISA, which is why so many courts confronting similar forfeiture claims have dismissed them with prejudice.[8] As the district court in *McWashington* cogently observed:

> Because the deficiencies of plaintiffs' disloyalty and imprudence claims concerning the allocation of forfeited funds, and of their derivative claim for failure to monitor, relate to plaintiffs' misinterpretation of the Plan's terms and their reliance on an incognizable theory of liability, the Court is persuaded that amendment would be futile and that leave to amend need not be given.

2025 WL 1736765, at *15.

Leave to amend is especially unwarranted here because Plaintiff's counsel was aware of the mountain of cases rejecting their novel forfeiture theory, yet they filed an initial and now amended complaint asserting the same deficient allegations that have repeatedly been rejected. As Judge Wright recently explained when denying Plaintiff's counsel's request for leave to amend a substantively

[8] *See, e.g.*, *Hutchins*, 767 F. Supp. 3d 912; *Wright*, 2025 WL 1683642; *Sievert*, 780 F. Supp. 3d 870; *McWashington*, 2025 WL 1736765; *Dimou*, 2025 WL 2611240; *Curtis*, 2026 WL 124323; *Hernandez*, 2025 WL 3208360; *Naylor*, 2024 WL 4112322; *Matula*, 2025 WL 1707878; *Barragan v. Honeywell Int'l, Inc.*, 2025 WL 2383652 (D.N.J. Aug. 18, 2025), *appeal filed*, No. 25-2609 (3rd Cir. Aug. 22, 2025); *Cano v. Home Depot, Inc.*, 2025 WL 2589567 (N.D. Ga. Aug. 26, 2025); *Peco Foods, Inc.*, 2025 WL 3210857; *Brewer v. Alliance Coal LLC*, 2025 WL 3527171 (N.D. Okla. Dec. 9, 2025); *Donelson v. Meijer, Inc.*, 2025 WL 3754241 (W.D. Mich. Dec. 29, 2025); *Tillery v. Wakemed Health & Hosps.*, 2026 WL 125784 (E.D.N.C. Jan. 15, 2026); *Enstrom v. SAS Inst. Inc.*, 2026 WL 459258 (E.D.N.C. Feb. 12, 2026).

identical forfeiture suit, "Despite having the benefit of numerous rulings in similar ERISA cases rejecting the same arguments, [plaintiff] does not meaningfully address those decisions or explain why this case warrants a different outcome." *Hernandez*, 2025 WL 3208360, at *6. The same is true here.

**CONCLUSION**

The Court should dismiss Plaintiff's Amended Complaint with prejudice.

Dated: March 16, 2026

Respectfully Submitted,

*/s/ Richard E. Nowak*

MAYER BROWN LLP
Richard E. Nowak (*pro hac vice*)
Nancy G. Ross (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
*rnowak@mayerbrown.com*
*nross@mayerbrown.com*

Jordan C. Hilton (*pro hac vice*)
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
*jhilton@mayerbrown.com*

Ankur Mandhania (SBN 302373)
575 Market Street, Suite 2500
San Francisco, CA 94105
*amandhania@mayerbrown.com*

*Counsel for Liberty Mutual Defendants*